

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Marion McGee
County Auditor
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. O-5953
Re: Whether the Commissioners'
Court of Hays County can
legally pay a salary to the
legally appointed, qualified
and acting Assistant District
Attorney of the 22nd Judicial
District, for performing all
of the duties of the County
Attorney of said county under
the facts submitted.

The material parts of your letter of October 12,
1944, requesting an opinion of this department, reads as
follows:

"The duly elected, qualified, and acting
County Attorney of Hays County, Texas, has volun-
teered and has been inducted into the United States
Army, apparently upon the same basis as if he had
been drafted; and has now been absent from Hays
County for about three weeks. Before leaving the
said County Attorney did not notify the County Judge
or the Commissioners Court of his intentions, nor
has he since done so. Presumably, his army service
will require his absence from the county for the
duration of the war. . . .

"The 22nd Judicial District of Texas falls
within the terms of Article 326K-3, Revised Civil

712

Statutes of Texas of 1925; and Hays County, within said District, has for several years been the home of the person who occupied the office of Assistant District Attorney provided for by said article. The last session of the Legislature failed to make appropriation for the salary of said Assistant District Attorney for the biennium commencing September 1, 1943; but the said Article 326K-3, creating said office, has never been repealed.

"Can Hays County legally pay a salary to the person who is the legally appointed, qualified, and acting Assistant District Attorney of the 22nd Judicial District, upon agreement with said person that he shall continue to assist to prosecute all felonies in said county, and shall also attend to all of the duties of the County Attorney of said County? If Hays County can pay such salary, in an amount agreed to between said attorney and the Commissioners Court, and fixed by the order of the latter, would such Assistant District Attorney be legally qualified and empowered to discharge all the duties of said County Attorney?"

It appears that Hays County is within the 22nd Judicial District of Texas, and under Section 2, Article 326K-3, according to your letter, is the resident county of the Assistant District Attorney therein authorized to be appointed by the District Attorney for such district, with the consent of the District Judge. This law also provides that such Assistant shall have authority to perform all of the acts and duties of the District Attorney under the laws of this State.

In Opinion O-5414, relating to Article 326L, it was held that the mere failure of the Legislature to make an appropriation to pay the salary of the Assistant District Attorney does not abolish the office.

In our Opinion O-3448, this department held that the office of County Attorney did not automatically become vacant upon the induction of the incumbent into the Army.

Articles 331 and 3902, Vernon's Annotated Civil Statutes, provide that County Attorneys, by consent of the Commissioners' Court, shall have the power to appoint one or more Assistants. Article 3902 provides that the Commissioners' Court shall not attempt to influence the appointment of any person as Assistant. In our Opinion O-5605, citing the above statutes, this department held that the salary of such Assistant, when appointed, must be paid out of fees earned by the County Attorney and the Commissioners' Court of a fee county has no authority to pay the salary of the Assistant out of county funds.

Answering your request, it is our opinion that the Commissioners' Court is not authorized to pay from county funds, a salary to the Assistant District Attorney for performing the duties of County Attorney for Hays County. In view of the fact, however, that Judge Decker, in discussing the matters involved in this opinion with this office, mentioned the appointment of a county attorney pro tem and his compensation, we take the liberty of discussing this phase of the matter due to the situation in your county as disclosed by the County Judge and your letter.

In our Opinion No. O-4979, a copy of which was given to your County Judge, the appointment of a county attorney pro tem was under certain circumstances discussed, however, the payment of his compensation was not involved.

We note that Hays County officials are compensated on a fee basis. As pointed out in Opinion O-4979, Article 31, Vernon's Annotated Code of Criminal Procedure authorizes the Judge of a District Court, of a County Court or a Justice of the Peace, as the case may be, to appoint an attorney pro tem under the circumstances stated in said statute. Thus whenever the district attorney, his assistant, or the county attorney, fails to attend any term of the county court or a justice's court, the Judge of said Court or such Justice may appoint some competent attorney to perform the duties of the county attorney, who shall be allowed the same compensation for his services as is allowed the county attorney. The appointment in such a case, shall not extend beyond the term of the court at which it is made and shall be vacated upon the appearance of the district or county attorney.

In view of the foregoing, it is our further opinion that the Judge of the County Court, or a Justice of the Peace,

as the case may be, in the absence of the County Attorney, or his disability to act, may appoint a county attorney pro tem to perform the services of a county attorney, and he is entitled to the same compensation to which the county attorney would ordinarily be entitled had the county attorney performed such services. In this connection, the compensation allowed to a county attorney pro tem, where appointed, for performing the duties imposed upon him by law will in nowise affect the ex-officio compensation, if any, of the regular county attorney, or the fees and compensation that he is legally entitled to as county attorney. The county attorney, however, would not be entitled to any fee for the services performed by the county attorney pro tem, but as above stated, the attorney pro tem would be entitled only to such fees earned for services performed by him.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

APPROVED OCT 28, 1944

FIRST ASSISTANT
ATTORNEY GENERAL

WK:fo



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN